UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 20-07849 FMO (PVC)                         Date:  September 3, 2020

Title      Chrispin Garcia v. W.L. Montgomery, Warden

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

|  Marlene Ramirez  | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Respondents: |
|---|---|
| None | None |

**PROCEEDINGS:**  [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED AS UNTIMELY

On August 23, 2020,[1] Chrispin Garcia ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254.  Petitioner asserts a single claim: that his Fifth, Sixth and Fourteenth Amendment rights were violated when the Alhambra court imposed an unauthorized term of five years for enhancements pursuant to California Penal Code § 667(a)(1) and § 667.5(b).  (Petition at 5).  For the reasons set forth below, the Petition appears to be untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  AEDPA altered federal habeas litigation by

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000).  Here, the Court uses August 23, 2020, the date the Petition was signed, as the constructive filing date.  (*See* Petition, Docket No. 1, at 8 (continuous pagination)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-07849 FMO (PVC)                                       Date:  September 3, 2020

Title         Chrispin Garcia v. W.L. Montgomery, Warden

imposing a specific time limit on the filing of federal habeas petitions.  *See Rhines v. Weber*, 544 U.S. 269, 274 (2005).  By creating a limitations period, Congress intended "to reduce delays in the execution of state and federal criminal sentences." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

State prisoners have a one-year period within which they must seek federal habeas review of their habeas claims.  28 U.S.C. § 2244(d)(1).  In habeas actions, district courts "have the authority – though not the obligation –" to consider the timeliness of petitions under AEDPA "on their own initiative."  *Wood v. Milyard*, 566 U.S. 463, 473 (2012).  Under AEDPA, state prisoners must file their habeas petitions within one year of the latest of the following dates:

(A)   The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B)   The date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C)   The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D)   The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D); *see also Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011).

Ordinarily, as here, the applicable limitations period is that set forth in section 2244(d)(1)(A).  Accordingly, Petitioner has one year from the date that his conviction becomes final to file a federal habeas petition.  28 U.S.C. § 2244(d)(1)(A).  "Final judgment" in a criminal case means sentence.  *See Burton v. Stewart,* 549 U.S. 147, 798-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-07849 FMO (PVC)                             Date:  September 3, 2020

Title        Chrispin Garcia v. W.L. Montgomery, Warden

99 (2007) (petitioner's sentence did not become final until conclusion of state court resentencing proceedings).

Petitioner asserts that he was sentenced on April 21, 2016.  (Petition at 2). Petitioner states that did not appeal to the California Court of Appeal and did not seek a Petition for Review with the California Supreme Court.  (*Id.* at 2, 3).  On May 18, 2020, over four years after he was sentenced, Petitioner filed a habeas petition in the Supreme Court of California in case number S262318.  The Petition states that his habeas petition was denied "without reason" on July 22, 2020.  (*Id.* at 4).  Petitioner then filed the instant federal action.

A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Here, it appears that Petitioner did not seek a direct appeal.  In California, a notice of appeal of a felony conviction must be filed sixty days following the entry of judgment.  *See* Cal. Rules of Court, Rule 8.308.  Sixty days following the entry of judgment was June 20, 2016. Thus, absent tolling, the 28 U.S.C. § 2244(d)(1) limitations period began to run the next day and expired one year later, on June 20, 2017.  The instant Petition was not filed until August 23, 2020.  Therefore, absent tolling, his Petition is untimely by more than three years.  *See Gonzalez v. Thaler*, 565 U.S.  134, 154 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires.").

AEDPA provides a statutory tolling provision which suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).  The time between the date a conviction becomes final and the date a petitioner files his first state habeas petition is not subject to statutory tolling.  *See Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007).  However, AEDPA's statutory tolling provision applies to "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-07849 FMO (PVC)                              Date:  September 3, 2020

Title      Chrispin Garcia v. W.L. Montgomery, Warden

remedies with regard to a particular post-conviction application." *Harris v. Carter*, 515 F.3d 1051, 1053 n.3 (9th Cir. 2008). "Applying these principles to California's post-conviction procedure . . . the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." *Id.; see also Carey v. Saffold*, 536 U.S. 214, 217-23 (2002) (under California's "original writ" system, an application for state collateral review is "pending" in the state courts so as to toll the federal statute of limitations during the interval between a lower court's decision and the filing of a further original state habeas petition in a higher court).

The United States Supreme Court has since clarified this standard, holding that a petition is "pending" between the time the lower state court reached an adverse decision and the day the petitioner filed a petition in a higher state court only if the subsequent petition was filed within a "reasonable time." *Saffold*, 536 U.S. at 217-22. When a state habeas petition is untimely, it is not properly filed and AEDPA's statute of limitations will not toll. *Pace*, 544 U.S. at 417. Moreover, if a petition is untimely, then "none of the time before or during the court's consideration of that petition is statutorily tolled." *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). In *Evans v. Chavis*, 546 U.S. 189 (2006), the Supreme Court held that, in the absence of a ruling on timeliness from a California state court, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" *Id.* at 198 (also noting that a federal court cannot presume that a state petition was timely simply because a state court considered the petition on the merits).

According to the Petition, the *only* state court filing Petitioner submitted following his conviction was his habeas petition filed in the California Supreme Court on May 18, 2020, *i.e.*, almost three years after the AEDPA statute of limitations period had already expired on June 20, 2017. (Petition at 3; *see also* California Appellate Court Case Information website, Case No. S262318, at http://appellatecases.courtinfo.ca.gov). A state habeas petition filed after the expiration of the one-year AEDPA limitations period

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 20-07849 FMO (PVC)                                   Date:  September 3, 2020

Title   Chrispin Garcia v. W.L. Montgomery, Warden

does not reset the limitations clock.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state [habeas] petition was filed."); *Roberts v. Marshall*, 627 F.3d 768, 771 n.4 (9th Cir. 2010) ("subsequent state petitions" filed after expiration of the AEDPA limitations period do not entitle petitioner "to any additional tolling"); *Meadows v. Biter*, 980 F. Supp. 2d 1148, 1151 (C.D. Cal. 2013) (the filing of a state petition after the AEDPA limitations period expired "cannot revive [the] statute of limitations and has no tolling effect") (citing *Ferguson*, 321 F.3d at 823).  Accordingly, it appears that the filing of the California Supreme Court habeas petition would not entitle Petitioner to statutory tolling and would not render the instant federal Petition timely.

      If Petitioner wishes to avoid dismissal on timeliness grounds, his response to this order should identify any errors in the foregoing analysis and provide any additional facts that would permit him to demonstrate that he is entitled to statutory tolling.  *See Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").  For example, to claim an entitlement to statutory tolling, Petitioner must identify any petitions that he filed in state court after his conviction on April 21, 2016 and before he filed his habeas petition in the California Supreme Court on May 18, 2020.  Petitioner must also indicate the date on which he filed the state court petition and the date on which it was denied.

      In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) ("The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'") (quoting *Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009)).  The Petition does not expressly seek equitable tolling.  Petitioner is advised that he bears the burden of proof to demonstrate that he is entitled to equitable tolling.  *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (habeas petitioners have the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 20-07849 FMO (PVC) | Date: September 3, 2020 |
| Title Chrispin Garcia v. W.L. Montgomery, Warden | |

burden of proof to show equitable tolling); *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015) (a habeas petitioner "bears a heavy burden to show that she is entitled to equitable tolling, 'lest the exceptions swallow the rule'") (quoting *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010)). If, for example, Petitioner contends that he is entitled to equitable tolling due to attorney abandonment, he must show that he diligently attempted to have his counsel file an appeal *before* the AEDPA statute of limitations period lapsed and that it was reasonable for him not to pursue state habeas relief on his own during that period despite his counsel's alleged silence. *See Holland*, 560 U.S. at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' 'maximum feasible diligence[.]'") (internal citations omitted). Petitioner must also identify the amount of time he contends that the statute of limitations should be equitably tolled.

As such, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore **ORDERED TO SHOW CAUSE**, within **thirty days** of the date of this Order, why this action should not be dismissed pursuant to the AEDPA one-year period of limitation. Petitioner is advised to inform the Court of any reason why he may be entitled to statutory or equitable tolling.

After the Court receives a response to the OSC, the Court may prepare a Report and Recommendation for submission to the District Judge. This Order is not dispositive of any of Petitioner's claims.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).** <u>**A Notice of Dismissal form is attached for Petitioner's convenience.**</u> **However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), which, as amended by AEDPA, provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-07849 FMO (PVC)                                           Date:  September 3, 2020

Title          Chrispin Garcia v. W.L. Montgomery, Warden

    **Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  *See* Fed. R. Civ. P. 41(b).**

    The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

    IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |