UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISPIN GARCIA,<br><br>    Petitioner,<br><br>    v.<br><br>W.L. MONTGOMERY, Warden,<br><br>    Respondent. | Case No. CV 20-7849 JWH (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, the Magistrate Judge's Report and Recommendation, and Petitioner's objections. After having made a *de novo* determination of the portions of the Report and Recommendation to which the objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

    In his objections, Petitioner argues in part that he is entitled to equitable tolling because he is uneducated in the law; had limited access to the law library, a problem which was compounded by new restrictions imposed during the COVID-19 pandemic; and speaks "little English." (Obj. at 3-4). A petitioner bears the burden of proving he is entitled to equitable tolling of the statute of limitations by showing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The conditions Petitioner cites

are common to many, if not most, prisoners, and do not constitute "extraordinary circumstances" warranting equitable tolling.

The Ninth Circuit instructs that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009) ("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling."). Furthermore, ordinary prison limitations on law library access do not warrant equitable tolling. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on Ramirez's access to the law library and copier . . . were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner."); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (recognizing that lack of access to library materials does not automatically qualify as grounds for equitable tolling). Additionally, Petitioner's purported lack of law library access due to COVID restrictions in 2020 does not explain why he failed to file a federal habeas petition during the AEDPA limitations period, which in his case expired on June 20, 2017.

While Petitioner summarily claims that he speaks "little English," this conclusory assertion, unsupported by any facts showing that his language skills made it impossible for him to file a timely petition, does not warrant equitable tolling. According to the Ninth Circuit, "[l]ack of English proficiency can constitute an extraordinary circumstance for equitable tolling purposes, but only when the petitioner is unable to procure legal materials in his own language or to obtain translation assistance." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014) (citing *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006)). Petitioner makes no such showing, and in fact, the fluency he displays in his Petition and the objections to the Report and Recommendation appears to belie his claim to poor language skills. *See Williams v. Dexter*, 649 F. Supp. 2d 1055,

1062 (C.D. Cal. 2009) (conclusory equitable tolling claims unsupported by evidence will not render a petition timely) (citing cases).  In light of Petitioner's admission that for years after his conviction, he "never looked at his plea agreement as wrong," and that he studied "with someone [for] months" once he believed he had found a possible ground for challenging his plea agreement, it does not appear that Petitioner's purported lack of language skills was the cause of his failure to begin state habeas proceedings until years after the AEDPA limitations period had already expired.  (Opp. at 3-4).  Accordingly, Petitioner has failed to show an entitlement to equitable tolling.

IT IS ORDERED that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner at his current address of record.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 16, 2021

JOHN W. HOLCOMB
UNITED STATES DISTRICT JUDGE